UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LINDA C. T. , | ) |
| | ) |
|        **Plaintiff** | ) |
| | ) |
| v. | )    *No. 2:20-cv-00060-NT* |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|        **Defendant** | ) |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability (SSD) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that the ALJ erred in multiple respects in assessing her physical residual functional capacity (RFC). *See* Plaintiff's Statement of Errors ("Statement of Errors") (ECF No. 14) at 7-19. I agree that the ALJ's assessment of the limiting effects of the plaintiff's intermittent irritable bowel syndrome (IBS) is unsupported by substantial evidence, *see id*. at 17-19, and, accordingly, recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2023, Finding 1, Record at 19; that she had the severe impairments of affective disorder, generalized anxiety disorder, obesity, and intermittent irritable bowel syndrome (IBS), Finding 3, *id.*; that she had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), except that, in addition to normal breaks, she might require one restroom break of five minutes in the morning and one restroom break of five minutes in the afternoon, was able to understand, remember, and carry out simple instructions, could be in the vicinity of, but have no interaction with, the public, and could tolerate occasional changes in the routine work setting, Finding 5, *id.* at 24; that, considering her age (56 years old, defined as an individual of advanced age, on her alleged disability onset date, October 20, 2017), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 29; and that she, therefore, had not been disabled from October 20, 2017, her alleged onset date of disability, through the date of the decision, August 23, 2019, Finding 11, *id.* at 31. The Appeals Council declined to review the decision, *id.* at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The question of whether the ALJ's assessment of the plaintiff's physical RFC is supported by substantial evidence largely turns on her treatment of and reliance on the RFC opinions of two agency nonexamining consultants, Benjamin Weinberg, M.D., and Archibald Green, D.O., as well as two treating providers, Katarina Latkovich, M.D., and Maylene Peralta, M.D. *See* Record at 246-56, 258-270, 1359-67, 1371-73.

Dr. Weinberg reviewed the plaintiff's disability claims at the initial level in March 2018, and Dr. Green on reconsideration in September 2018. *See id.* at 249, 263. Both determined that the plaintiff suffered from the medically-determinable physical impairments of diabetes mellitus, inflammatory bowel disease (IBD), hypertension, and disorders of the muscle, ligament, and fascia causing transient foot/knee pain; Dr. Green also assessed gastroesophageal reflux disease (GERD). *See id.* at 249-50, 262-63. Although Dr. Weinberg described the plaintiff's IBD as Crohn's disease and Dr. Green described it as diverticular disease, both agreed that it and the plaintiff's other physical impairments were nonsevere and did not result in any functional limitations. *See id.*

In May 2019, Dr. Latkovich filled out a treating source statement regarding the plaintiff's RFC. *See id.* at 1359-67. She assessed several manipulative and exertional limitations and stated that the plaintiff would require unscheduled breaks throughout an eight-hour workday to

accommodate her "chronic pain" and "chronic diarrhea[.]" *Id.* at 1362-65. With regard to the plaintiff's gastrointestinal issues specifically, Dr. Latkovich opined that the plaintiff would need four to six unscheduled bathroom breaks of varying length during a typical workday and that her need to get to a bathroom during those times typically would be urgent. *See id.* at 1366. Dr. Peralta signed a treating source statement indicating that she agreed with Dr. Latkovich's opinions but provided no additional comments. *See id.* at 1371-73.

In contrast to Drs. Weinberg and Green, the ALJ found that the plaintiff suffered from two severe physical impairments: obesity and intermittent IBS. *See* Finding 2, *id.* at 19. The ALJ explained that, although she found Drs. Weinberg's and Green's opinions "to be persuasive in part[,]" her departure was based on later-submitted evidence from the plaintiff's treating gastroenterologist, Dr. Louis Antignano, and Social Security Ruling (SSR) 19-2p, which provides guidance for evaluating a claimant's obesity. *Id.* at 28; *see also id.* at 20; SSR 19-2p, 2019 WL 2374244 (May 20, 2019).

The ALJ found the opinions of Drs. Latkovich and Peralta "to be non-persuasive for the most part." Record at 28. She noted that Dr. Latkovich's opinions were partially based on the plaintiff's own reports and that Dr. Peralta did not support her opinions with any explanation. *See id.* Nevertheless, she partially credited Drs. Latkovich's and Peralta's opinions regarding the plaintiff's exertional limitations and reduced "the exertional level of the [RFC] to accommodate the [plaintiff]'s physical impairments[.]" *Id.*

In the end, the ALJ determined that the plaintiff was limited to medium work and "may require one additional restroom break of five minutes in the morning and one additional restroom break of five minutes in the afternoon." *Id.* at 24. She explained:

> Based on the [plaintiff]'s combined obesity and intermittent [IBS], I find that the evidence supports a finding that the [plaintiff] is able to perform work at the

> medium exertional level with the additional noted restroom breaks. These restrictions consider some of the [plaintiff]'s reports of an increased need to use a restroom, and, in part, the opinions of Drs. Latkovich and Peralta concerning a reduction in exertional levels. The record evidence . . . as well as the opinions of Drs. Green and Weinberg, however, indicate that the more restrictive limitations alleged by [the plaintiff] and opined by Drs. Latkovich and Peralta are not supported.

*Id.* at 26-27.

The plaintiff challenges the ALJ's physical RFC findings, arguing, in relevant part, that after acknowledging the materiality of "new evidence entered into the record at the hearing level" and rejecting the opinions of Drs. Latkovich and Peralta, the ALJ improperly relied on her own interpretation "of the raw medical evidence" to assess the plaintiff's physical RFC. Statement of Errors at 18-19. Common sense, the plaintiff asserts, "would not inform a layperson that [her] obesity and its impact on her other medical conditions would permit her to sustain medium exertion work, nor that [her] severe IBS could reasonably be accommodated with just one additional five minute bathroom break in each half of a typical work day." *Id.* at 18.

The commissioner rejoins that the ALJ appropriately relied on the opinions of Drs. Weinberg and Green in determining the plaintiff's physical RFC and that the assessed RFC is "more favorable to [the] [p]laintiff than any other evidence in the record that the ALJ credited." Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 18) at 17. The commissioner also argues that the ALJ plainly partially credited the plaintiff's subjective complaints rather than construing raw medical evidence. *See id.* at 18.

The plaintiff has the better argument.

Although the commissioner argues otherwise, *see id.* at 17, the ALJ did in fact partially discount the opinions of Drs. Weinberg and Green, *see* Record at 28 (deeming Drs. Weinberg's and Green's opinions "persuasive *in part*" (emphasis added)). Of particular relevance, the ALJ

rejected their opinions that the plaintiff's gastrointestinal issues were nonsevere, instead finding, based on later-submitted evidence unseen by them, that the plaintiff suffered from severe intermittent IBS. *See* Record at 28; *see also* Finding 3, *id*. at 19. This was effectively a concession that the Weinberg and Green opinions could not stand as substantial evidence of the functional impact of the plaintiff's IBS. *See, e.g., Stephen R. W. v. Saul*, No. 2:20-cv-00001-LEW, 2020 WL 7418972, at *2 (D. Me. Dec. 18, 2020) (rec. dec., *aff'd* Jan. 19, 2021); *Staples v. Berryhill* ("*Lisa Staples*"), No. 1:16-cv-00091-GZS, 2017 WL 1011426, at *5-6 (D. Me. Mar. 15, 2017) (rec. dec., *aff'd* Mar. 30, 2017).

Because the ALJ discounted Drs. Weinberg's and Trumbull's opinions about the plaintiff's gastrointestinal problems on the basis of later-submitted evidence and rejected the opinions of Drs. Latkovich and Peralta except to the extent they demonstrated that the plaintiff had some exertional limitations, her findings regarding the functional impact of the plaintiff's IBS were not supported by any medical opinion evidence and, hence, not more favorable to the plaintiff than the record would otherwise support. *See, e.g*., *Lisa Staples*, 2017 WL 1011426, at *5-6.

An ALJ is not competent to assess a claimant's RFC directly from the raw medical evidence unless such an assessment entails a common-sense judgment. *See Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). The commissioner does not argue that, in this case, a common-sense judgment was made. *See* Opposition at 14-18. Instead, he contends that the ALJ did not assess raw medical evidence but, rather, simply partly credited the plaintiff's own subjective allegations, undermining the plaintiff's bid for remand. *See id*. at 16-17 (citing *Wanda B. v. Saul*, 2:18-cv-00341-DBH, 2019 WL 3317969, at *4 (D. Me. July 24, 2019) (rec. dec., *aff'd* Aug. 8, 2019); *Allison P. v. Berryhill*, No. 2:18-cv-00061-JHR, 2019 WL 1373646,

6

at *3 (D. Me. Mar. 24, 2019); *Daniel P.-O. v. Berryhill*, No. 1:18-cv-00146-JAW, 2019 WL 413562, at *8-9 (D. Me. Feb. 1, 2019) (rec. dec., *aff'd* Apr. 22, 2019)).[2]

However, this argument ignores the fact that the ALJ herself cited material later-submitted evidence – from Dr. Antignano, the plaintiff's treating gastroenterologist – as informing her decision to depart from the opinions of Drs. Weinberg and Green and find that the plaintiff suffered from severe intermittent IBS. *See* Record at 28. In the absence of any medical expert opinion, she necessarily must have interpreted the evidence from Dr. Antignano herself to fill in the gap.

*Wanda B.*, *Allison P.*, *Daniel P.-O.*, and *Black* are all distinguishable. None involved an ALJ's sole reliance on a purported partial crediting of a claimant's subjective allegations in circumstances in which the ALJ had rejected the opinions of agency nonexamining consultants that the underlying impairment was nonsevere because they lacked the benefit of review of later-submitted medical evidence. *See Wanda B.*, 2019 WL 3317969, at *4 (ALJ assessed an RFC more favorable than the record would otherwise support when she adopted more restrictive limitations than those set forth by agency nonexamining consultant whose opinion she afforded significant weight); *Allison P.*, 2019 WL 1373646, at *3 (distinguishing *Lisa Staples* on basis that ALJ had rejected opinion of agency nonexamining consultant that impairment was nonsevere in part because of its inconsistency with claimant's subjective allegations, not because consultant had not seen later-submitted medical evidence); *Daniel P.-O.*, 2019 WL 413562, at *9 (distinguishing *Lisa Staples* on basis that evidence unseen by agency nonexamining consultant on which ALJ relied to find greater limitations was claimant's own testimony, not later-submitted medical evidence); *Black*, 2017 WL 4220116, at *8 (same).

---

[2] At oral argument, the commissioner's counsel cited a fourth case, *Black v. Berryhill*, No. 1:16-cv-00572-JAW, 2017 WL 4220116 (D. Me. Sept. 22, 2017) (rec. dec., *aff'd* Mar. 28, 2018), for this proposition.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*


Dated this 3rd day of February, 2021.

>                          /s/ John H. Rich III
>                          John H. Rich III
>                          United States Magistrate Judge